Filed 3/28/23  Coachella Valley CRE v. Coachella Green CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| COACHELLA VALLEY CRE, INC. et al., | |
| Plaintiffs and Appellants, | E077704 |
| v. | (Super. Ct. No. PSC1804313) |
| COACHELLA GREEN, LLC et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Kira L. Klatchko, Judge.  Affirmed.

McCune Wright Arevalo, Richard D. McCune, Michele M. Vercoski and Tuan Q. Nguyen, for Plaintiffs and Appellants.

Michelman & Robinson and David A. DeJute, for Defendants and Respondents.

## I.

## INTRODUCTION

Coachella Valley CRE, Inc. and Coachella Development III, LLC (appellants) moved the trial court to stay their arbitration with respondent Coachella Green, LLC, on the ground that the arbitrator did not have the requisite experience required by the parties' arbitration agreement. After the trial court denied the motion, the arbitrator died, and a new one was appointed—with appellants' approval. The arbitration proceedings continued with that arbitrator for almost a year without appellants objecting to his appointment, and resulted in an award that the trial court confirmed.

Appellants now appeal on the ground that the first arbitrator was appointed against their will and in violation of the parties' arbitration agreement. We conclude the appointment of the second arbitrator rendered harmless any error with the appointment of the first arbitrator. We therefore affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties entered into a purchase agreement for a parcel of vacant land in Coachella Valley to cultivate and manufacture commercial cannabis, but appellants failed to timely fund escrow, so the sale was canceled. The purchase agreement provided that any dispute related to the sale would be resolved in arbitration by an arbitrator who "shall be an impartial real estate broker with a least 5 years of full time experience in both the area where the property is located and the type of real estate that is the subject of this

2

agreement." In appellants' view, this provision means that any appointed arbitrator had to be a real estate agent with at least five years of experience in selling land in Coachella Valley zoned for cannabis cultivation and manufacturing.

After appellants failed to fund escrow, they sued in the superior court.[1] Respondent moved to stay the lawsuit on the ground that it could render the arbitration moot. Around the same time, respondent filed a claim for arbitration with the American Arbitration Association (the AAA). Shortly afterward, the AAA sent the parties a list of 10 proposed arbitrators and asked them to jointly pick one.

In their opposition to respondent's motion to stay, appellants urged the trial court to stay the arbitration because none of the AAA's proposed arbitrators had the requisite experience required by the parties' agreement. In February 2019, the trial court rejected appellants' argument, granted respondent's motion, and stayed the case until the arbitration concluded.

On April 10, 2019, the AAA informed the parties that they had to choose an arbitrator from the proposed list by the close of business two days later and that the arbitration would proceed in the absence of any party. The parties stipulated to extend their arbitrator selection, but appellants eventually told the AAA they were withdrawing from the arbitration because the AAA could not provide an arbitrator with the requisite experience.

_____

[1] The substance of appellants' lawsuit is not relevant to the issues on appeal.

3

The AAA nonetheless appointed retired Judge Steven Cohen over appellants' objection in April 2019. Judge Cohen did not have five years of experience as a real estate broker selling property in Coachella Valley zoned for cannabis cultivation and manufacturing. Appellants therefore moved to amend their complaint[2] and for a stay of the arbitration on the ground that Judge Cohen's appointment violated the parties' agreement. The trial court denied the motion.

Appellants then moved for a second time to amend their complaint and to stay the arbitration.[3] The trial court denied the motion in July 2019, and the arbitration proceeded with Judge Cohen as arbitrator.

Almost a year later, in May 2020, the AAA informed the parties that Judge Cohen had died, and proposed that retired Judge James Steele be appointed as arbitrator. About a week later, respondent's counsel asked appellants' counsel whether they agreed to Judge Steele's appointment. Appellants' counsel confirmed that they did, and asked respondent's counsel to tell the AAA that the parties agreed to Judge Steele's appointment. Judge Steele was then appointed toward the end of May 2020.

After multiple days of evidentiary hearings, Judge Steele issued an award in respondent's favor in October 2020. The trial court later confirmed the award and entered judgment for respondent. Appellants timely appealed.

---

[2] The substance of appellants' proposed amendment is not relevant to the issues on appeal.

[3] The substance of appellants' second proposed amendment is not relevant to the issues on appeal.

4

III.

DISCUSSION

Appellants appeal the trial court's orders denying their motions to stay the arbitration and to amend their complaint. Appellants' sole argument is that the AAA improperly appointed Judge Cohen in violation of the parties' arbitration agreement and thus the trial court erroneously declined to stay the arbitration.[4]

In their opening brief, however, appellants do not mention that Judge Cohen died and Judge Steele was appointed, nor did they file a reply brief. They also neglect to mention that they expressly agreed to Judge Steele's appointment with respondent's counsel and asked counsel to tell AAA that they agreed to his appointment.

We need not discuss whether the AAA properly appointed Judge Cohen. Even if he was improperly appointed, any error was harmless because Judge Steele took over the arbitration after Judge Cohen's death and presided over the case until issuing a final award months later. Judge Cohen's death and Judge Steele's agreed-on appointment thus rendered harmless any purported error caused by Judge Cohen's appointment and the trial court's corresponding refusal to stay the arbitration. We therefore affirm the judgment. (See *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125 [appellant bears burden of proving prejudicial error].)

---

[4] Respondent argues appellants failed to preserve the issue for appellate review. We assume without deciding that appellants properly preserved the issue for appellate review.

5

IV.

DISPOSITION

The judgment is affirmed.  Respondents may recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
Acting P. J.

We concur:


<u>SLOUGH</u>
J.


<u>RAPHAEL</u>
J.

6